NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-4189 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00373-DJH-1 |
| v. | |
| BARBARA ALLEEN JESSMON, AKA Barbara Jessmon, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Barbara Jessmon appeals from the district court's order revoking probation

and challenges the court's imposition of Special Condition #1, which requires

Jessmon to participate in substance abuse treatment if directed to do so by the

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

probation officer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Jessmon did not object to the imposition of Special Condition #1 in the district court, we review for plain error. *See United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022). The district court did not plainly err.

First, contrary to Jessmon's argument, the condition is not an improper delegation of authority to the probation officer because, by its plain terms, the probation officer must obtain authorization from the court to order inpatient substance abuse treatment if Jessmon objects. *See id.* at 1149-50, 1155 (supervised release conditions must be interpreted according to their "plain meaning"). Second, Jessmon's assertion that "object" is unconstitutionally vague is unavailing. *See United States v. Evans,* 883 F.3d 1154, 1160 (9th Cir. 2018) (a term violates due process "if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" (internal quotation marks omitted)). Finally, Jessmon argues that the condition violates her right to counsel and due process because it does not ensure that she will be given adequate notice and a hearing at which she will be represented by counsel if inpatient treatment is ordered. This preemptive challenge to the constitutional sufficiency of potential future proceedings is unripe. *See United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009).

**AFFIRMED.**

25-4189